UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: ****

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

THE HAVENS COLLECTION, INC.,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

  Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendant THE HAVENS COLLECTION, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

  1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted Works of authorship.

  2. Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more. AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant THE HAVENS COLLECTION, INC. ("Havens") is a luxury metal company selling American handcrafted products for the kitchen, bath, and spa. At all times relevant herein, Havens owned and operated the internet website located at the URL https://havensmetal.com/ (the "Website").

4. AAP alleges that Havens copied AAP's copyrighted Works from the internet in order to advertise, market and promote its business activities. Havens committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of the Havens' business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Havens is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Havens engaged in infringement in this district, Havens resides in this district, and Havens is subject to personal jurisdiction in this district.

## DEFENDANT

9. The Havens Collection, Inc. is a Florida Corporation, with its principal place of business at 707 West Park Avenue, Suite B, Edgewater, Florida, 32132, and can be served by serving its Registered Agent, Alex D. Havens, at the same address.

## THE COPYRIGHTED WORKS AT ISSUE

10. The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the works of intellectual property at issue in this case, which are referred to herein as the "Works."

| Title | Registration Date | Registration Number |
|---|---|---|
| Tranquility_382 S Beach Rd_034 | February 19, 2021 | VA 2-246-177 |
| Tranquility_382 S Beach Rd_038 | February 19, 2021 | VA 2-246-177 |
| Tranquility_382 S Beach Road_046 | February 19, 2021 | VA 2-246-177 |



Tranquility_382 S Beach Rd_034



Tranquility_382 S Beach Rd_038



Tranquility_382 S Beach Road_046

11. At the time AAP created the Works, AAP applied copyright management information to the Works consisting of a visible watermark reading "©Robert Stevens AAP 2020" in the bottom left corner of each of the images.

12. AAP registered the Works with the Register of Copyrights on February 19, 2021, and was assigned registration number VA 2-246-177. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets. The Works in perspective, orientation, positioning, lighting, and other details are entirely original and creative. As such, the Works qualify as subject matter protectable under the Copyright Act.

14. At all relevant times AAP was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY HAVENS

15. Havens has never been licensed to use the Works or any purpose.

16. On a date after the Works were created, but prior to the filing of this action, Havens copied the Works.

17. On or about September 16, 2023, AAP discovered the unauthorized use of its Works on the Website.

18. Havens copied AAP's copyrighted Works without AAP's permission.

19. After Havens copied the Works, it made further copies and distributed the Works on the internet to promote the sale of goods and services as part of its business.

20. Havens copied and distributed AAP's copyrighted Works in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21. Havens committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 2**.

22. AAP never gave Havens permission or authority to copy, distribute or display the Works at issue in this case.

23. AAP notified Havens of the allegations set forth herein on October 4, 2023 and October 23, 2023. To date, the parties have failed to resolve this matter.

24. When Havens copied and displayed the Works at issue in this case, Havens removed AAP's copyright management information from the Works.

25. AAP never gave Havens permission or authority to remove copyright management information from the Works.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. AAP incorporates the allegations of paragraphs 1 through 255 of this Complaint as if fully set forth herein.

27. AAP owns valid copyrights in the Works.

28. AAP registered the Works with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Havens copied, displayed, and distributed the Works and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

30. Havens performed the acts alleged in the course and scope of its business activities.

31. Defendant's acts were willful.

32. AAP has been damaged.

33. The harm caused to AAP has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. AAP incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. The Works each contain copyright management information ("CMI") in the form of a visible watermark.

36. Havens knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

37. Havens committed these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of AAP's rights in the Works.

38. Havens caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it would induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

39. AAP has been damaged.

40. The harm caused to AAP has been irreparable.

## COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

41. AAP incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

42. The Works at issue in this case contain false CMI in the form of a visible watermark added to two of the three Works.

43. Havens knowingly and with the intent to enable or facilitate copyright infringement, added false CMI to two of the Works at issue in this action in violation of 17 U.S.C. § 1202(a).

44. Specifically, Havens added its own CMI reading "The Haven of Your Home" on the Tranquility_382 S Beach Rd_038 Work, and added its own CMI reading "Havens" to the bottom right corner of the Tranquility_382 S Beach Road_046 Work, as shown below:



45. Havens committed, caused, directed and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

46. After applying the false CMI to the Works, Havens published the Works in violation of 17 U.S.C. § 1202(a).

47. AAP has been damaged.

48. The harm caused to AAP has been irreparable.

WHEREFORE, Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. prays for judgment against Defendant THE HAVENS COLLECTION, INC. that:

a. Havens and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

b. Havens be required to pay AAP its actual damages and Defendant's profits attributable to the infringement, or, at AAP's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

c. AAP be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. AAP be awarded pre- and post-judgment interest; and

e. AAP be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

AAP hereby demands a trial by jury of all issues so triable.

Dated: March 4, 2025                     Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.826.6924 – Telephone
561.404.4353 – Facsimile

*And*

*/s/ George N. Colville*
GEORGE N. COLVILLE

9
**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE ♦ TEXAS

        Florida Bar Number: 1060046
        george.colville@sriplaw.com
        9100 S. Dadeland Blvd Suite 1500
        Miami, Florida 33156
        561.404.4350 – Telephone
        561.404.4353 – Facsimile

*Counsel for Plaintiff Affordable Aerial Photography, Inc.*