UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 25-cv-378-GAP-RMN

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

THE HAVENS COLLECTION, INC.,

    Defendant.

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT [DE 1]

Defendant, The Havens Collection, Inc., pursuant to Fed. R. Civ. P. 6, moves for an extension of time to respond to plaintiff's complaint, [DE 1], and states:

On March 4, 2025, plaintiff commenced this action by the filing of a summons and the Complaint, [DE 1], which was served on defendant on March 7, 2025, [DE 10]. Pursuant to Rule 12(1)(a)(1)(i), the deadline for defendant's response to the complaint is Friday, March 28, 2025.

From March 14, 2025, to March 25, 2025, counsel for defendant was on a pre-planned vacation.

In order to properly analyze and review the allegations of the complaint and the underlying facts, the undersigned requests a brief 14-day extension of

time, through and including April 11, 2025, to answer, move or otherwise respond to plaintiff's complaint.

The relief requested in this motion will not prejudice any party and is not advanced for purposes of delay. Plaintiff does not oppose the relief sought by defendant.

## **MEMORANDUM OF LAW**

The Court has broad discretion to grant requests for extensions of time. Rule 6(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Thus, the Court, in its discretion, may order the period for responding to pleadings extended if a request is made, as here, before the expiration of the period originally prescribed. The standard is a liberal one, and "an application for enlargement of time under Rule 6(b)(1) will normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4b Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 1165, at 552 (3d ed. 2002).

For the reasons discussed above, The Havens Collection, Inc. has cause for the requested extension. It does not seek this extension in bad faith or for

the purpose of delay and no party will be prejudiced if the Court grants this extension. Moreover, plaintiff does not oppose the relief sought in this motion.

**WHEREFORE**, The Havens Collection, Inc. requests the Court grant this motion, extend the deadline for its response to the complaint [DE 1] to, and including, April 11, 2025, and for such further relief as the Court deems just and proper.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Defendant*

## CERTIFICATE OF COUNSEL

Pursuant to Local Rule 3.01(g), counsel for the movant certifies that he conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and plaintiff does not oppose the relief sought herein.

    /s/ Griffin Klema
Griffin C. Klema, Esq.