## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 25-cv-378-GAP-RMN

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

    Plaintiff,

v.

THE HAVENS COLLECTION, INC.,

    Defendant.

---

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT DE 1

Defendant, The Havens Collection, Inc., pursuant to Fed. R. Civ. P. 12, answers plaintiff Affordable Aerial Photography, Inc.'s complaint, DE 1, and further pleads by affirmative defenses.

### INTRODUCTION

Plaintiff's complaint is the prototypical copyright trolling claim, predicated on baseless, fact-free allegations many of which its counsel knows to be false. Plaintiff simultaneously demands damages grossly exceeding what even a non-frivolous claim would warrant. The object of both tactics is to extort defendant rather than seek fair recompense for a perceived wrong.

This is not the first time plaintiff's counsel has pursued claims in bad faith on behalf of a client. See Order Granting Def.'s Mot. for Sanctions and

Fees, <u>Celsius Holdings, Inc. v. A Shoc Beverage, LLC</u>, no. 9:21-cv-80740 (S.D. Fla. Jul. 19, 2022) (awarding sanctions of $249,357.50 against SRIPlaw attorneys because they "failed to make a reasonable inquiry into the facts" before bringing suit) (quoting <u>Worldwide Primates, Inc. v. McGreal</u>, 87 F.3d 1252, 1254 (11th Cir. 1996)), <u>appeal pending</u>, <u>Rothman v. A Shoc Beverage, LLC</u>, no. 22-12687 (11th Cir.).

Defendant answers the baseless allegations and asserts affirmative defenses which will reveal not only plaintiff's meritless claims, but its counsel's complicity in this extortionate trolling scheme.

## ANSWER

### SUMMARY OF THE ACTION

1. Denied.

2. Denied.

3. Admitted.

4. Denied.

### JURISDICTION AND VENUE

5. Admitted that plaintiff has brought this action predicated on the Copyright Act.

6. Admitted.

7. Admitted.

8.    Admit that venue is proper; deny the remaining allegations.

## DEFENDANT

9.    Admitted.

## THE COPYRIGHTED WORK AT ISSUE

10.    Denied as stated. Deny that there is more than one "work."

11.    Denied.

12.    Defendant admits that a certificate is attached as Exhibit 1, which speaks for itself. Otherwise denied.

13.    Denied.

14.    Denied.

## ALLEGED INFRINGEMENT

15.    Denied.

16.    Admit that the alleged works appeared for a brief time on defendant's website. Otherwise denied.

17.    Defendant is without knowledge of when plaintiff may have discovered its asserted causes of action, and therefore denies same.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Defendant admits that it received a letter from plaintiff in October 2023, but otherwise denies the remaining allegations.

24.    Denied.

25.    Admitted.

## COUNT I – Copyright infringement

26.    This is a reincorporation paragraph, and defendant re-avers its responses to the referenced paragraphs.

27.    Denied.

28.    Defendant admits plaintiff has presented a certificate of registration in this action, but otherwise denies the remaining allegations, including that the implication that the certificate includes the images at issue in this action.

29.    Denied.

30.    Denied as stated.

31.    Denied.

32.    Denied.

33.    Denied.

## COUNT II – CMI removal

34.    This is a reincorporation paragraph, and defendant re-avers its responses to the referenced paragraphs.

35.    Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations, and therefore denies same.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Denied.

40.    Denied.

## COUNT III – False CMI

41.    This is a reincorporation paragraph, and defendant re-avers its responses to the referenced paragraphs.

42.    Denied.

43.    Denied.

44.    Denied as stated. The quoted text does not constitute copyright management information.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

## PRAYER FOR RELIEF

Defendant denies that plaintiff is entitled to any relief whatsoever in this action.

Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which it did not specifically respond in this answer to plaintiff's complaint.

## DEFENSES

**Defense 1 – No Statutory Remedies.** Plaintiff cannot recover statutory damages under 17 U.S.C. § 504(c) or attorney's fees under § 505 because any alleged infringement commenced prior to the effective date of plaintiff's copyright certificate. 17 U.S.C. § 412. Furthermore, allegations of willful infringement are irrelevant because the Copyright Act's actual damages provision, Section 504(b), does not allow for a willfulness damages enhancement. S. Credentialing Support Servs., L.L.C., v. Hammond Surgical Hosp., L.L.C., 946 F.3d 780, 783 (5th Cir. 2020) ("Willfulness only matters if any award of statutory damages is permissible.").

**Defense 2 – No Actual Damages; No Nominal Damages**. On information and belief, plaintiff has never licensed its commissioned real estate images to any third party in a bona fide arms-length (non-commissioned) transaction. Plaintiff also refuses, as a matter of business policy, to license its real estate images of celebrity homes, like that here. Deposition of Robert Stevens, Affordable Aerial Photography, Inc. v.

Abdelsayed, no. 21-cv-81331 (S.D. Fla. Aug. 16, 2022) ("When it comes to private homes . . . those don't go on the market for sale for security reasons"). Consequently, plaintiff cannot prove any actual damages, and the Copyright Act does not allow for nominal damages. Eagle Servs. Corp. v. H2O Indus. Servs., Inc., 532 F.3d 620, 623 (7th Cir. 2008) (finding plaintiff's suit "frivolous even if there was a copyright violation" because there are no nominal damages under the Copyright Act).

**Defense 3 – No Causal Link.** Plaintiff's complaint fails to state a claim for actual damages because it does not allege a causal nexus between its claimed damages and the alleged infringement. Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1170-71 (1st Cir. 1994) (a plaintiff must "first establish that the infringement was the cause-in-fact of its loss by showing with reasonable probability that, but for the defendant's infringement, the plaintiff would not have suffered the loss"); see also Thoroughbred Software Int'l, Inc. v. Dice Corp., 488 F.3d 352, 358 (6th Cir. 2007) (a plaintiff mut prove a "causal connection between the alleged infringement and some loss of anticipated revenue"); Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004) ("a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits"). The same is true with respect to plaintiff's other claims for copyright management information.

**Defense 4 – Damages are Limited to Objective Market Value.**
Plaintiff's damages are barred, in whole or in part, based on an objective
determination of the market value of the subject work, based on prevailing
market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v.
The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). Plaintiff's damages are also limited
by the doctrine of next best non-infringing alternative, many images of which
are available for low or no cost that would have accomplished the same
marginal visual enhancement of a website.

**Defense 5 – Statute of Limitations.** Plaintiff's claims are barred in
whole or in part by the operation of the statute of limitations. 17 U.S.C. §
507(b). The Act does not provide for a discovery rule of claim accrual. Rather,
any claim(s) accrued when the plaintiff had a complete and present cause of
action, which was more than three years prior to when plaintiff filed this
action.

**Defense 6 – Plaintiff Lacks Standing.** Plaintiff is not the owner of the
alleged copyrighted work, as ownership of any copyright in same vested in an
unidentified person, possibly affiliated with Creative Retouch Studio, or
Creative Retouch Studio is the owner. The registered work, was a work for hire
such that plaintiff does not have, and knew it did not have, any ownership
interest in the subject work. 17 U.S.C. § 201(b). Plaintiff has no written
transfer of the copyright from the original author to it, signed by the author,

as required by 17 U.S.C. § 204. Further, because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411, 501(b).

**Defense 7 – Invalidity – No Ownership.** Plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original author of that work, a person who was not an employee of plaintiff. 17 U.S.C. § 201(b). As a work for hire without a written transfer, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. Plaintiff's use of attorneys to register the copyright makes their knowledge, as its agent, imputable to it regarding the accuracy of information respecting ownership, and is at least willful blindness.

**Defense 8 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any protectable expression from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection. Rentmeester v. Nike, Inc., 883 F.3d 1111, 1120 (9th Cir. 2018) (defining a spectrum of originality in

photos); <u>Home Legend, LLC v. Mannington Mills, Inc.</u>, 784 F.3d 1404, 1409 (11th Cir. 2015) (whether a work "is sufficiently original to merit copyright protection [at all] is a question of fact").

**Defense 9 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because the proliferation of the images online do not include any watermark or copyright management information. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 10 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendant's use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff to defendant, including, on information and belief, through plaintiff's posting of the work or derivatives of the work, on Vimeo website, which terms provide for a license to third parties like defendant.

**Defense 11 – Waiver.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by knowingly allowing the work to be copied and displayed by numerous other third parties, including the homeowner,

Kirsten Norman on her Instagram account (again, without any watermarks), and news reporting agencies like Forbes, Fox Business, Daily Mail, Miami Herald, NY Post, and USA Today, among others.

**Defense 12 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630, 634 (copyright trolling is "a disreputable business practice—a form of extortion"); Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes: refusing to license the work in an arm's length transaction while demanding an arbitrary per year license fee solely for purposes of litigation, allowing the work to remain on display on popular websites without any effort to enforce while selectively enforcing against certain other accused persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, securing default judgments predicated on false or misleading affidavits which are further used to improperly extort supra-competitive settlements, intentionally obfuscating its copyright notice on its works, placing the copyright notice at the very edge so that the slightest cropping might remove it, and generally engaging in a pattern of improper pre-suit and litigation misconduct.

## Defendant's Prayer for Relief

WHEREFORE, The Havens Collection, Inc. prays for judgment as follows:

a)      that the Court request the Register of Copyrights to advise whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 U.S.C. §411(b)(2);

b)      that the Court find the subject copyright registration invalid;

c)      that plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d)      that the Court enter judgment that defendant is the prevailing party in this action;

e)      that the Court award defendant its full costs, including reasonable attorney's fees, against plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and

f)      that the Court award any and all other relief to which defendant may be entitled.


Dated: April 11, 2025.


                                        /s/ Griffin Klema
                                        Griffin C. Klema, Esq.

Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Counsel for Defendant*