UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| AFFORDABLE AERIAL PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE HAVENS COLLECTION, INC. <br><br> Defendant. | CASE NO.: 6:25-cv-00378-GAP-RMN |

## Uniform Case Management Report

    The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 5/7/2025. Griffin Klema and George Colville attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | **June 6, 2025** |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | **June 13, 2025** |

| Action or Event | Date |
|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | **November 17, 2025** |
| Defendant | **November 17, 2025** |
| Rebuttal | **December 1, 2025** |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | **December 15, 2025** |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | **Not Applicable** |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | **February 12, 2026** |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. The parties have conferred with respect to the selection of a mediator and have agreed to request that this Court appoint a Magistrate Judge of its choosing to mediate this case. | **December 29, 2025** |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | **May 4, 2026** |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | **May 11, 2026** |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | **May 25, 2026** |
| Month and year of the trial term. | **July 2026** |

The trial will last approximately 2-3 days and be

☒ jury.

☐ non-jury.

3. **Description of the Action**

This is an action alleging (1) copyright infringement under 17 U.S.C. § 501; (2) removal of copyright management information in violation of 17 U.S.C. § 1202(b);

and (3) the addition of false copyright management information in violation of 17 U.S.C. § 1202(a). Copyright infringement is alleged for all three images involved in this case, and the copyright management information allegations relate to only two of the three images at issue.

4. **Disclosure Statement**

   ☒ Each party has filed a disclosure statement using the required form.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

3

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

   Plaintiff's Response:

   The scope of all unauthorized use by Defendant; licensing history of Defendant for use of images by Defendant; amount of damages; and factual assertions supporting any affirmative defenses stated in Defendant's Answer.

   Defendant's Response:

   Plaintiff's litigation history and settlements in its copyright enforcement efforts, both litigated and not litigated; Plaintiff's use of third parties to create the subject images and other images in its registration; Plaintiff's purported damages, among other subjects within the scope of Havens's affirmative defenses [DE 22]..

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☒ Yes;

Plaintiff's Response:

As there are no pending discovery requests, Plaintiff does not have any current issues regarding discovery. That said, according to Defendant's response below, there appears to be an assumed dispute between the parties even at this stage of litigation. Plaintiff will raise any issues with discovery as they become relevant during the discovery period.

Defendant's Response:

Based on discussion between counsel during the Rule 26(f) conference, Havens understands that plaintiff will oppose discovery of its history of its copyright enforcement, both litigated and pre-suit, which is relevant to plaintiff's damages claim as well as Havens's defense of copyright misuse (trolling). See Harrington v 360 ABQ LLC, 2022 WL 22833661 (D.N.M. Nov. 17, 2022) (ordering plaintiff to disclose "a list of copyright infringement lawsuits he has initiated" and to state both the judgment and any "settlement value"); Live Face on Web, LLC v. Cremation Soc'y of Ill., 77 F.4th 630 (one "hallmark" of a copyright troll is filing "more than 200 copyright suits in 29 different federal district courts"); Oppenheimer v. ACL LLC, 504 F. Supp. 3d 503 (W.D.N.C. 2020) ("a reasonable jury could find Plaintiff is using copyrights to derive an income from infringement suits"); Oppenheimer v. Williams, 2021 WL 4086197 (D.S.Car. Sept. 18, 2021) (evidence of a plaintiff's "previous copyright litigation [is] relevant to the issue of damages").

Joint Response:

Absent the existence of any documents existing solely in printed format, document production will be in electronic, native format, and not hardcopy printed and mailed. Stated differently, materials printed to hardcopy/paper from an original digital-only source would not be production "in a reasonably usable form." Fed. R. Civ. P. 34(b)(2)(E).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

The parties agree that making an objection in response to a discovery request based on privilege with adequate description (which can be a categorical one and not a document-by-document description), as to the withheld documents' "nature" shall suffice to avoid any argument of waiver of a privilege. However, any party is free to challenge the claim of privilege and may request (or move to compel) a more particularized description of the withheld information so as to enable the receiving party to evaluate the claim. Consequently, enumeration of every specific document that may be withheld as privileged on a privilege log is not necessary as part of the party's initial response to the discovery request.

F.  The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ George N. Colville*  
GEORGE N. COLVILLE  
Bar Number: 1060046  
george.colville@sriplaw.com

**SRIPLAW, P. A.**

*/s/ Griffin Klema*  
Griffin C. Klema, Esq.  
Bar Number: 100279  
Griffin@KlemaLaw.com

**Klema Law, P.L.**

9100 South Dadeland Boulevard
Suite 1500
Miami, Florida 33156
786.297.8709 – Telephone
561.404.4353 – Facsimile
*Counsel for Plaintiff Affordable Aerial Photography, Inc.*

PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa FL 33606
Telephone: 202-713-5292


*Counsel for Defendant The Havens Collection, Inc.*